**SUN OIL CO v DOLLBEER et**

Ohio Appeals, 2nd Dist, Clark Co

No 358. Decided Jan 11, 1936

Nolan, Beigel & Mahrt, Dayton, for plaintiff in error.

Keifer & Keifer, Springfield, James B. Malone, Springfield, for defendants in error.

**OPINION**

By BARNES, PJ.

While we have considered all of the alleged grounds of error and the arguments pro and con relative thereto, we do not think any useful purpose will be accomplished by taking up these several questions separately and discussing them at length. In the interests of brevity and we hope clearness of determination, we will adopt our own order of discussion and determination.

We start out with the proposition that plaintiffs in their petition sought rescission of the contracts under date of November 10 and not reformation. The trial court determined the facts to be that there was such misrepresentation and action on the part of the representatives of the Oil Company as would constitute a fraud and entitle the plaintiffs to a revocation of the contract. As we understand the law the effect of revocation would be to restore the previous contracts of lease and Commission Managers Contract. The prayer of the petition might indicate that plaintiff was seeking to have all contracts abrogated and terminated, but we fail to find the requisite allegation of facts or evidential facts supporting this prayer, if so intended. Parenthetically we might say that, if under any theory such judgment might have been legally entered, then there would have been no contracts existing between the parties and in the absence of contracts there would be no basis for damages. Under a proceeding for reformation there might be a different situation. The petition was lacking in some of the necessary allegations to authorize reformation, even under the broad prayer of the petition, "for all other relief."

Under the petition and the evidence it is our conclusion that the petition is limited to a demand for rescission of the contract dated November 10. 1930 and the attending damages within the limits and power of the

chancellor to award. While not entirely free from doubt we are inclined to the view that the conduct of the plaintiffs after discovering the claimed fraud constituted a ratification of the contract, which would deny them redress. The fact is undisputed that the contractual relations continued between the parties uninterruptedly from the date of the execution until the termination by the terms of the contract in one instance and by Federal order in the other. The Sun Oil Company in January, 1932 changed the order of discount from 3½c to 3c and settlements were made on this basis by the plaintiffs continuously thereafter. We do not think that the mere filing of a petition would be sufficient to answer the claim of ratification by conduct. Under the plan of operation the plaintiffs' profits would be the difference between their retail and selling price and the price at which they purchased the products. In the start, and in fact for a year, they were guaranteed a 3½c margin. The fact is that they received this 3½c margin for more than a year. For fifteen months the margin was only 3c per gallon. According to the gallonage handled this ½c per gallon would amount in dollars and cents to $1465.00. This amount was actually paid by the plaintiff Partners to the Sun Oil Company and an award of this amount to them is in effect returning money voluntarily paid. The law is well established that money voluntarily paid, with full knowledge of facts, may not be recovered. For a very able discussion of this subject we refer to **Volume 31, Ohio Jurisprudence (Payments), §§134 to 144.**

We have given consideration to the other side of the question as to the dire results that might have happened to the plaintiffs had they taken the requisite steps to void the contract so as to preclude all questions of ratification. Such a situation as this frequently arises and aggrieved individuals must determine at their peril whether or not they will continue to operate under the illegal contract or revoke and terminate the contractual relations after discovering the fraud. The rule of law is well-recognized that one cannot claim the benefits under a void contract and at the same time seek its revocation.

Conceding as we do that there may be some question on the right of revocation, we think the undisputed evidence denies the right of damages in the amount awarded and for the following reasons. If the contract of November 10, 1930 is rescinded, then the managerial contracts are revived. Counsel for plaintiffs states in his briefs

that it was the understanding that these managerial contracts were to run contemporaneously with the contracts of lease. Suffice to say that the managerial contracts do not so provide. They are nothing more than contracts at will with the provision that they may be terminated on ten days' notice. See paragraph 14. Under the state of the record we must accept this as the existing contract if the contracts of November 10 are vacated and held for naught. In determining this question of damages we have set up the two contracts, the claimed fraudulent contract wherein the 3½c discount is positively guaranteed for a period of one year from the time of the execution; in the other contract, if restored, there is no time guaranteed and there was an express condition that same may be terminated on ten days' notice. This mere statement of fact discloses that there would be no damages sustained.

Furthermore, we do not thing that under such a state of the record the trial court would have the jurisdiction to determine the question of damages as a chancellor. Unquestionably the general rule is that damages may be an incident to the chancellor's adjudication of an equitable question. However, in the instant case, even if not precluded by reason of the state of facts, there would be a plain question of law triable to a jury under proper pleadings and joined issues.

We are constrained to the view that the judgment of the lower court must be reversed and the cause remanded for further proceedings in conformity with this opinion.

Costs will be awarded against the defendants in error. Exceptions will be allowed to the defendants in error.

HORNBECK and BODEY, JJ, concur.