HARMON ET AL., D. B. A. LACTO-VEE PRODUCTS CO., APPELLANTS, *v.* CARSON ET AL., APPELLEES.

(No. 2294—Decided November 13, 1954.)

*Messrs. Eaton & O'Grady,* for appellants.
*Messrs. Jacobson & Durst,* for appellees.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County.

Plaintiffs instituted an action for rescission of a contract of purchase of a business owned and operated by defendant Orville Carson. The matter being in equity, the cause was tried to the court, which denied the plaintiffs equitable relief on the ground that the plaintiffs had not tendered to the defendant certain assets transferred to the plaintiffs under the contract of purchase, reserving to the plaintiffs their right to proceed against the defendant in an action at law for damages.

Plaintiffs contend the court erred in overruling the motion for judgment for damages based on the court's finding of facts in the decision of the court, which finding is a part of the bill of exceptions. A court of equity will not grant compensatory damages where they are not given as an incident of some other equitable relief. *Sun Oil Co.* v. *Dollbeer,* 21 Ohio Law Abs., 176; *National Tube Co.* v. *Eastern Tube Co.,* 3 C. C. (N. S.), 459, 13 C. D., 468, affirmed by the Supreme Court without opinion, 69 Ohio St., 560, 70 N. E., 1127; *Buydden* v. *Mitchell, Admx.,* 60 Ohio Law Abs., 493, 496, 102 N. E. (2d), 21; 1 Pomeroy's Equity Jurisprudence (5 Ed.), 436, Section 237d. Where the court refuses to grant equitable relief, as in this case, all it can do is reserve to plaintiff the right to bring an action at law for damages. This was done in the instant case. The judgment of the court in refusing rescission is supported by the record. We reject the claim of the plaintiffs that the action was at law for damages.

It is contended that the court erred in dismissing Ordella Carson and Lawrence Carson, the claim being made that they, together with Orville Carson, were partners. Only a portion of the evidence on the issue of partnership is before the court. The testimony of Ordella Carson and Lawrence Carson is not incorporated in the bill of exceptions. On the record as it comes to us we cannot say that the court was required to resolve this issue in favor of plaintiffs as a matter of law.

We find no assignment of error well made. No error being found in the record prejudicial to the rights of the plaintiffs, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.