**BUYDDEN, Plaintiff-Appellee, v. MITCHELL, Admrx. et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2128.   Decided January 4, 1951.

Irvin Carl Delscamp, Dayton, for plaintiff-appellee.
Harold E. Smock, Dayton, for defendants-appellants.

## OPINION

By MILLER, PJ:

This is a law appeal from the judgment of the Court of Common Pleas ordering the rescission of a land contract entered into on June 7, 1944, for the sale of certain real estate, and also ordering restitution of the premises to the plaintiff.

The evidence discloses that two prior contracts had been entered into by the parties to this action, each for a lesser purchase price, but that they were merged into the final contract of June 7, 1944, which is the basis of this action.

The pertinent parts of this contract are:

1. Purchase price, $2400.00, $400.00 cash in hand, balance of $2000.00 payable in monthly installments of $20.00 per month on the 6th day of each and every month until fully paid, with interest at six and one-half per cent per annum.

2. All taxes and assessments becoming due and payable after the date of said contract were to be paid by the plaintiff and the same were to be repaid to him with interest at seven per cent per annum before delivery of the deed upon demand after the deed according to the contract is ready for delivery.

3. That if any payment be not paid when due the contract shall be forfeited on the part of the defendant and the plaintiff may retain all payments made as liquidated damages.

The issue raised by the pleadings was whether or not the defendant was in default in payments and also whether or not the plaintiff was a claimant within the meaning of §10509-112 GC, it being admitted that no claim was filed with the administratrix in compliance with this section of the Code. The evidence discloses that the purchaser, Luella Byrd, died on May 27, 1946, and that Catherine Mitchell, one of the defendants, is the only heir-at-law and administratrix of the estate. Catherine Mitchell was called as a defense witness. On cross-examination she identified a receipt book in which Mr. Buydden, the plaintiff, and who was also deceased at the time of trial, entered her payments. This book was offered in evidence as Plaintiff's Exhibit No. 2. An examination of this exhibit reveals that between June 7, 1944, and April 22, 1946, the sum of $480.00 was paid on this contract. There is nothing in the record which controverts these payments. The defendant offered the following receipts for taxes and conservancy assessments, all signed by Wade J. Buydden, and the same were properly admitted in evidence:

| | | |
|---|---|---|
| 1. Exhibit B, dated August 1, 1945, | | $41.41 |
| 2. Exhibit C, dated August 1, 1945, | | 41.41 |
| 3. Exhibit D, dated April 22, 1946, | | 40.99 |
| | Total, | $123.81 |

Mr. Shell, a deputy county treasurer, testified from his records that the following taxes and assessments were paid on said property up to the time of the death of Luella Byrd:

| | |
|---|---|
| March 17, 1945, | $24.62 |
| August 20, 1945, | 24 65 |
| February 27, 1946; | 25.93 |
| Total | $75.20 |

From these figures it will be noted that $48.61 was paid by

the purchaser in excess of the taxes and assessments paid by Mr. Buydden. This excess must be credited to the purchase account, and which when properly credited makes total payments on the purchase price, $528.61, or more than 26 monthly installments. This would account for all payments through the one falling due on July 7, 1946. Therefore, when Luella Byrd died on May 27, 1946, she was not in default on her contract.

The next question presented is whether it was necessary for the plaintiff to file a claim with the administratrix in accordance with §10509-112 GC. This section in part provides:

"All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated * * *."

It should be noted that this is not only an action for the rescission of a contract, but is also one for damages, the petition alleging: "Plaintiff says that according to the terms of said contract, if any payments, either principal or interest, be not made when due, said contract shall be forfeited on the part of the said Luella Byrd, and said plaintiff may retain in his hands the payment or payments then made and possess all improvements placed upon said premises, as the stipulated damages for the nonfulfillment of said contract, and said plaintiff shall be entitled to the possession of said premises * * *. Wherefore, plaintiff prays for a rescission and cancellation of said contract and that he may retain all moneys according to the terms of said contract as and for stipulated damages for the nonfulfillment * * *." Since the plaintiff is claiming damages we are of the opinion that the statutory requirements must be met. Prior to the effective date of §10509-112 GC, to-wit: August 22, 1941, the statute used the word "creditors" instead of "claimants."

In the case of **Pierce v. Johnson, 136 Oh St 95,** it was held in syllabus 1:

"A person having an unliquidated claim for damages arising out of tort is a creditor within the meaning of §10509-112 GC, requiring presentation of claims by creditors to the executor or administrator within a specified time."

In the case of **Prudential Insurance Co. v. Joyce Building Realty Co., et al., 143 Oh St 564,** syllabus 2 provides:

"The requirements of §10509-112 GC, that 'creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment' are mandatory and may not be waived by him."

See also **Holmberg, et al., v. Third National Bank & Trust Company, 27 Abs 58.** Failure to plead such presentation and rejection is a ground for general demurrer. **First Trust & Savings Bank of Canton, et al. v. Fulton, 12 Abs 17, 29 O. N. P. (N. S.) 445.** The case at bar is different from those in which a lienholder is seeking to enforce a lien on property; therefore the holdings in such cases can be of no assistance in the instant case. The plaintiff in this case is not asserting a lien on the real property involved herein but is seeking the rescission of a land contract and the recovery of damages. He cannot recover his damages without meeting the requirements of the statute and if he is not entitled to the payments made on the contract as liquidated damages a rescission of the contract may not be had without a restoration of the consideration paid or a tender of it. **9 O. Jur. 595, Section 341.** A party will not be permitted to retain the benefits of a contract and at the same time repudiate it. **The Ignition Co. v. Unit Coil Co., 93 Oh St 128, 112 N. E. 199.**

The judgment entry recites that the court "finds no evidence in the record to show that the amount of money paid by Luella Byrd is disproportionate to the value of the use of the premises by the defendants, and that the plaintiff is entitled to retain the money so paid in accordance with the terms of said contract." This brings the case within the exception to the general rule and therefore a return of the consideration was not necessary in order to rescind the contract. **Highby v. Whittaker, 8 Ohio 198.** But the Court by this entry allowed the plaintiff's claim against the decedent's estate, which we think may not be done without complying with §10509-112 GC.

The record discloses further that the trial court failed to rule on the defendant's cross-petition by which specific performance of one of the contracts dated prior to the one which is the subject of this action was sought. This error could not be prejudicial for the reason that the defendants were not entitled to this relief on the contract which they pleaded. The trial court properly held that the only valid existing contract between these parties was the one entered into on June 7, 1944. None of the other assignments of error are well made.

It is our conclusion that the judgment is contrary to law and the same is ordered reversed and remanded with instructions that the petition and cross-petition be dismissed and that judgment be rendered for the defendants for their costs.

HORNBECK and WISEMAN, JJ, concur.