DECISION AND JUDGMENT ENTRY
{¶ 1} Kent Freeman and Freeman Roofing Construction Company ("Freeman Roofing") (collectively, "the appellants") appeal the trial court's entry of summary judgment in favor of RWS Building Company ("RWS") on its claims for breach of contract and fraud. The appellants contend that Freeman's affidavit creates a genuine issue of material fact concerning the defenses of estoppel by acceptance of benefits and waiver because it establishes that RWS knew that Freeman Roofing was not paying its suppliers as required by the contract but nonetheless made payments to Freeman Roofing for its work. We conclude that neither of these defenses are applicable under the facts of this case. Thus, the court did not err in granting summary judgment on RWS's breach of contract claim.
 {¶ 2} The appellants also argue that Freeman's affidavit creates a genuine issue of material fact concerning the fraud claim because it establishes that a RWS representative instructed Freeman to submit false lien waivers to obtain payment for Freeman Roofing's work. The appellants contend that the affidavit demonstrates that they did not intend to defraud RWS, that RWS did not rely on the lien waivers, and that the submission of the waivers could not have proximately caused any damages to RWS. However, Freeman's statements concerning what an RWS employee told him are inadmissible hearsay if they were offered to prove their truth. We also conclude that Freeman's self-serving statements are insufficient to establish a genuine issue of material fact because they fail to specify any facts surrounding his conversation with the RWS employee, including the identity of the employee or when the conversation occurred. And, because the appellants have submitted no additional evidence to rebut RWS's summary judgment motion, the court did not err in granting summary judgment on the fraud claim. Thus, we affirm the trial court's judgment.
 {¶ 3} RWS is the general contractor hired to renovate Rock Hill Middle School in Ironton, Ohio ("Rock Hill Project"). RWS retained Freeman Roofing as a subcontractor to perform roofing services on that project. Kent Freeman is the president of Freeman Roofing. Under their subcontract, Freeman Roofing was responsible for providing its own supplies and materials, paying its suppliers for materials provided in connection with the Rock Hill Project, and ensuring that the project remained free of liens.
 {¶ 4} After finishing the Rock Hill Project, RWS again hired Freeman Roofing as a subcontractor on the new construction of Meigs Elementary School ("Meigs Project"). The terms of the Meigs Project contract were virtually identical to those of the Rock Hill Project.
 {¶ 5} Freeman submitted six invoices and lien waivers to RWS for the Rock Hill Project. Based on the submission of the lien waivers, RWS contends that it believed Freeman Roofing was paying its suppliers, so RWS made payments to Freeman Roofing for work on the project. However, roofing supplier North Coast Commercial Roofing Systems ("North Coast") later notified RWS that Freeman Roofing owed it $109,883.34 for roofing materials used on the Rock Hill Project. As a result of Freeman Roofing's failure to pay for the materials, North Coast filed a lien against RWS's bond on the Rock Hill Project.
 {¶ 6} RWS and Freeman Roofing agreed that RWS would pay Freeman Roofing's debts to North Coast so that the lien on RWS's bond for the Rock Hill Project would be removed and work on the Meigs Project could continue. According to RWS, this agreement resulted in payments to Freeman Roofing in excess of the total amount of the contract for the Meigs Project.
 {¶ 7} Subsequently, RWS filed a complaint against the appellants alleging breach of contract, fraud, and violation of R.C. 1701.93, which prohibits an officer, director, employee or agent of a corporation from making any false material communications. It also permits violators of the statute to be held personally liable, jointly and severally, for any damages suffered as a result of their actions.
 {¶ 8} After the appellants answered the complaint, RWS moved for summary judgment. The appellants failed to respond to the motion and the trial court concluded that there were no material issues of fact. The court found that Freeman Roofing failed to pay its suppliers as required by its contract with RWS and, based on this breach of contract, Freeman Roofing had a duty to reimburse RWS for all costs and expenses associated with any liens that were filed. The court also found that RWS established the elements of fraud and granted judgment against the appellants, jointly and severally, in the amount of $84,039.62, plus interest and costs. The court scheduled a hearing on RWS's punitive damages and attorney's fee requests.
 {¶ 9} Prior to that hearing, the appellants filed a motion to set aside the judgment and requested leave to file a memorandum contra the motion for summary judgment. In that memorandum, Freeman admitted that he submitted incorrect lien waivers to RWS, but stated in an affidavit and responses to discovery that he had informed a representative of RWS that he was having financial difficulties and was unable to pay his suppliers. Freeman attested that the RWS representative instructed him to submit the waiver forms anyway so Freeman could receive payment, continue working, and complete the job. Freeman stated that he did not intend to misrepresent the status of the payments to his suppliers and only did so after disclosing the actual status to the RWS representative.
 {¶ 10} The trial court granted the appellants' motion for leave to file the memorandum contra, but denied the motion to set aside the judgment. The court found that, even considering the evidence attached to the memorandum contra, summary judgment was appropriate.
 {¶ 11} At a hearing, RWS dismissed its claim for punitive damages and presented evidence in support of its claim for attorney's fees. The court awarded RWS $15,031.24 in attorney's fees, plus costs.
 {¶ 12} Freeman and Freeman Roofing appeal the trial court's judgment, assigning the following error:
The trial court erred in granting the Plaintiff/Appellee's motion for summary judgment as the trial court failed to recognize genuine issues of material fact existed.
 I. Summary Judgment {¶ 13} When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786.
 {¶ 14} Civ.R. 56(C) provides:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the summary judgment is made. See, e.g., Vahila v. Hall, 77 Ohio St.3d 421, 429-430,1997-Ohio-259, 674 N.E.2d 1164.
 {¶ 15} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027.
 {¶ 16} The appellants contend that the trial court erred in granting summary judgment on both the breach of contract and fraud claims.
 II. Breach of Contract {¶ 17} The appellants assert that the existence of genuine issues of material fact concerning the doctrines of estoppel and/or waiver prevent RWS from obtaining summary judgment on the contract claims.
 {¶ 18} RWS contends the appellants breached the Rock Hill and Meigs Project contracts by failing to promptly pay their suppliers as required by Article 8.9 of both contracts. They also assert that the appellants breached the supplementary conditions and Article 8.5 of the contracts by failing to keep the project free of all liens and failing to reimburse RWS for the costs and expenses it incurred in discharging the lien filed by North Coast. And, RWS contends that Freeman Roofing received a $32,000 incentive payment that it was not entitled to because it failed to complete the roofing work prior to November 27, 2002.
 A. Estoppel {¶ 19} The appellants assert that RWS is estopped from alleging breach of contract based on its acceptance of the benefits of the contract. As a general principle, "a party cannot be permitted to retain the benefits of a contract and at the same time repudiate it or reject its burdens." See, e.g., Buydden v.Mitchell (1951), 102 N.E.2d 21, 60 Ohio Law Abs. 493, citingK-W Ignition Co. v. Unit Coil Co. (1915), 93 Ohio St. 128,112 N.E. 199. Courts have long recognized that "a party who accepts the benefits of a contract or transaction will be estopped to deny the obligations imposed on it by the same contract or transaction." Dayton Securities Assoc. v. Avutu (1995),105 Ohio App.3d 559, 563, 664 N.E.2d 954 (citations omitted).
 {¶ 20} In technical estoppel cases, the party to be estopped must have knowingly acted to mislead his adversary, who then relied on the action and acted as he would not otherwise have done. Hampshire Cty. Trust Co. of North Hampton, Mass. v.Stevenson (1926), 114 Ohio St. 1, 14, 150 N.E. 726. However, in estoppel by acceptance of benefits or "quasi-estoppel" cases, strict adherence to the elements of technical estoppel may not be required. Id.
 {¶ 21} Nonetheless, we find that the appellants' estoppel argument is inappropriate. RWS did not seek to retain the benefits of the contract while rejecting its burdens. A "quasiestoppel" argument would apply if RWS received the roofing services it contracted for from Freeman Roofing, but nonetheless sought the return of the money it paid to Freeman Roofing for those services. RWS does not claim that Freeman Roofing failed to provide the contracted for roofing services or seek to recover all the monies it paid to Freeman Roofing; rather, it contends that the appellants' actions resulted in the filing of a mechanic's lien on the Rock Hill Project that resulted in extra expense to RWS to have it removed. RWS also contends that the appellants' actions resulted in Freeman Roofing's receipt of payments in excess of its entitlement under the contracts. We conclude that the appellants have failed to demonstrate that the doctrine of estoppel by acceptance of benefits or "quasiestoppel" is applicable to these facts.
 {¶ 22} Moreover, even if the doctrine was applicable, the appellants have failed to submit evidence that creates a genuine material issue of fact. Freeman's affidavit and discovery responses state that he advised a representative of RWS that he did not have sufficient funds to pay his suppliers and that representative told him to "go ahead and submit the lien waivers with the understanding [he] may not be totally paying the suppliers, so the Project could be completed and [he] could continue to have [his] draws." For purposes of the motion, we assume a RWS representative told Freeman to submit the waivers even though they were false. However, Freeman failed to present any evidence that the RWS representative also excused Freeman from paying his suppliers for the materials or indicated that RWS would be responsible for those payments. Thus, there is no genuine issue of material fact concerning the breach of contract claims.
 B. Waiver {¶ 23} The appellants also contend that the doctrine of waiver bars summary judgment in this case. Waiver is the voluntary relinquishment of a known right. State ex rel. Wallacev. State Med. Bd. of Ohio, 89 Ohio St. 3d 431, 435,2000-Ohio-213, 732 N.E.2d 960; White Co. v. Canton Transp. Co.
(1936), 131 Ohio St. 190, 2 N.E.2d 501, at paragraph one of the syllabus. Waiver can be found in numerous circumstances. For instance, "waiver by estoppel" occurs when the acts and conduct of a party are inconsistent with an intent to claim a right, and have misled the other party to his prejudice thereby estopping the party having the right from acting upon it. See Motz v.Root (1934), 53 Ohio App. 375, 376-377, 4 N.E.2d 990. The waiver of contractual rights typically requires consideration unless the actions of the party making the waiver are such that he must be estopped from insisting upon the right claimed to have been relinquished. Marfield v. Cincinnati, D. T. Traction Co.
(1924), 111 Ohio St. 139, 145, 144 N.E. 689. A waiver may be enforced by anyone with a duty to perform, but who has changed position as a result of the waiver. Andrews v. Ohio StateTeachers Retirement Sys. Board (1980), 62 Ohio St.2d 202, 205,404 N.E.2d 747.
 {¶ 24} We conclude that the doctrine of waiver is also inapplicable. First, the appellants have not demonstrated that RWS received any consideration for the contractual rights it allegedly waived. The only benefit RWS received was the completion of the roofing services — a benefit it was already entitled to receive under the terms of the contracts. Second, the evidence offered by the appellants does not demonstrate that RWS waived the contractual requirements that Freeman Roofing pay its suppliers and ensure that no mechanic's liens be filed against the bond. Therefore, the doctrine of waiver is inapplicable here.
 {¶ 25} We conclude that the trial court did not err in granting summary judgment as to RWS's breach of contract claims. RWS presented sufficient evidence to support its claims and the appellants do not dispute that they breached the terms of the contract. The appellants have failed to establish that any genuine issues of material fact exist concerning the defenses of estoppel and/or waiver.
 III. Fraud {¶ 26} The appellants also contend that the trial court erred by granting summary judgment to RWS on its fraud claim. The elements of an action for fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Gaines v. Preterm-Cleveland Inc. (1987),33 Ohio St.3d 54, 55, 514 N.E.2d 709, citing Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus.
 {¶ 27} RWS contends that the appellants committed fraud by providing false lien waivers and misrepresenting the financial condition of Freeman Roofing in an effort to collect payments from RWS. In support of its summary judgment motion, RWS attached copies of the invoices and lien waivers submitted by Freeman, as well as copies of the checks RWS issued to Freeman Roofing and Freeman's answers to requests for admissions, interrogatories and request for documents.
 {¶ 28} RWS also submitted the affidavits of Ed Thurston, Eric Bennett, and Mike Leanza. Thurston, a Project Manager for RWS, attested that Freeman Roofing submitted six invoices and lien waivers to RWS acknowledging payment of its suppliers. Thurston later learned that Freeman Roofing had not paid its suppliers when he received notice from North Coast that it was owed money for roofing supplies.
 {¶ 29} Bennett, a Vice-President of RWS, attested that he would not have hired Freeman Roofing on the Meigs Project or paid Freeman Roofing's invoices if he had known that the waivers it submitted for the Rock Hill Project were fraudulent. He also stated that, in order to release the North Coast lien and ensure suppliers would be paid, Freeman Roofing and RWS agreed that RWS would issue joint checks to both Freeman Roofing and its suppliers. In exchange, RWS would deduct those amounts from the total due to Freeman Roofing on the Meigs Project. RWS paid North Coast $109,833.34 to satisfy Freeman Roofing's debts and, by March 2003, RWS had paid Freeman Roofing more than the total amount due for the Meigs Project. However, Freeman stated that he could no longer pay his workers and would leave the job site. In order to prevent this abandonment, RWS continued paying Freeman. Ultimately, RWS paid Freeman Roofing $91,187.27 in excess of the contract.
 {¶ 30} Leanza, the credit manager for North Coast, attested that Freeman Roofing ordered roofing supplies from North Coast for use on the Rock Hill Project. The payment terms required Freeman to pay for the supplies on a monthly basis. However, between June 2001 and March 2002, Freeman failed to pay for any of the supplies it ordered. Leanza notified RWS of the debt Freeman Roofing owed to North Coast and filed a lien against RWS's bond on the Rock Hill Project. In January 2003, RWS satisfied North Coast's claim and North Coast released the lien.
 {¶ 31} We recognize that Civ.R. 56 limits the evidence that a court may consider when ruling on a summary judgment motion to affidavits, depositions, transcripts of hearings on the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings. "The court may consider other types of evidence only if incorporated by reference in a properly framed affidavit." SB Installations v. BLContractors, Inc., Lawrence App. No. 04CA7, 2004-Ohio-4255, at ¶13, citing Huntington Natl. Bank v. Legard, Lorain App. No. 03CA8285, 2004-Ohio-323. "Documents that have not been sworn, certified, or authenticated by way of affidavit `have no evidentiary value[.]'" Id., citing Huntington Natl. Bank.
However, "`if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion.'" Id. (citations omitted).
 {¶ 32} Here, RWS simply attached copies of the invoices and lien waivers Freeman submitted to its motion for summary judgment. They were never incorporated into an affidavit. Although it is possible that Freeman identified these documents in his admissions and answers to interrogatories, we cannot determine this because the questions posed to Freeman were not attached to the summary judgment motion, only the answers. Likewise, RWS attached a letter Leanza sent it indicating that Freeman Roofing owed North Coast money for the roofing supplies for the Rock Hill Project. This letter was never identified by Leanza or either of the RWS employees in their affidavits.
 {¶ 33} However, the appellants never objected to the materials submitted and Freeman apparently does not dispute that the invoices and lien waivers RWS provided to the court are copies of the invoices and waivers he submitted to RWS. The appellants also concede that Freeman Roofing owed North Coast money for roofing supplies and that North Coast contacted RWS for payment. Therefore, we conclude that the trial court did not err in considering this evidence.
 {¶ 34} Nonetheless, the appellants contend that Freeman's affidavit raises material questions of fact because it establishes that Freeman did not intend to defraud RWS as it already knew that the lien waivers were inaccurate when he submitted them. The appellants also argue that RWS could not have justifiably relied upon the waivers and the waivers could not have proximately caused any damage to RWS.
 {¶ 35} RWS contends that the portions of Freeman's affidavit stating that a RWS representative instructed him to submit the false lien waivers is inadmissible hearsay and should not be considered for summary judgment purposes. Civ.R. 56(E) requires that:
[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible inevidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.
(Emphasis added.)
 {¶ 36} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is generally not admissible as evidence. See Evid.R. 802. However, Evid.R. 801(D) states that certain admissions do not constitute hearsay and, therefore, are admissible.
 {¶ 37} The appellants contend that Freeman's affidavit does not contain hearsay because the statement contained therein was made by a party's agent concerning a matter within the scope of his or her agency or employment during the existence of that relationship. Evid.R. 801(D)(2)(d). We have previously held that the party claiming admissibility under this rule bears the burden of proving the existence and scope of the agency relationship.Pennisten v. Noel, Pike App. No. 01CA669, 2002-Ohio-686.
 {¶ 38} Here, Freeman did not identify the individual who allegedly made the statement, by name or by position, or establish that the statement concerned a matter within the scope of that person's employment. Although a statement by an unidentified agent may be admissible, Freeman must still establish that an agency relationship existed between the declarant and RWS, and that the declarant had some authority regarding the subject matter of the statement. See 2 Giannelli 
Snyder, Evidence (2d Ed. 2001) 42, § 801.26 ("If the agency relationship is established, the statement is admissible even if the agent remains unidentified."); Davis v. Sun Refining Marketing Co. (1996), 109 Ohio App.3d 42, 54, 671 N.E.2d 1049
(statement of unnamed employee declarant was admissible under Evid.R. 801(D)(2)(d) when witness named individual who put witness in contact with declarant, knew office and department where declarant worked, and the statement was clearly within the scope of the declarant's employment in the company's real estate division).
 {¶ 39} Freeman's assertion that the declarant was employed by RWS, absent more information, is insufficient to demonstrate that the declarant had any responsibility for the Rock Hill Project or for the acceptance of lien waivers so that the matter was within the scope of the declarant's agency or employment. Therefore, Freeman has failed to prove the existence and scope of the agency relationship and the statement is not admissible under Evid.R. 801(D)(2)(d).
 {¶ 40} The appellants also contend that the statement is not hearsay because they are offering it to show that a RWS representative said it, not that the statement was true. The appellants argue that the fact that an RWS employee told Freeman to submit the affidavits, regardless of the truth of that statement, creates a genuine issue of material fact as to whether Freeman intended to defraud RWS.
 {¶ 41} The only evidence Freeman submitted to rebut RWS's motion for summary judgment was his own assertion that some unidentified RWS employee told him to submit fraudulent lien waivers.
A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial."
(Citations omitted.) (Emphasis in original.) McPherson v.Goodyear Tire Rubber Co., Summit App. No. 21499,2003-Ohio-7190, at ¶ 36. See, also, Davis v. City of Cleveland,
Cuyahoga App. No. 83665, 2004-Ohio-6621, at ¶¶ 23-25 (police officer's contention that she was disciplined by being required to type lengthy reports insufficient to avoid summary judgment on racial discrimination claim where only evidence that typing reports is a form of discipline was officer's own affidavit);Marusa v. City of Brunswick, Medina App. No. 04CA0038-M,2005-Ohio-1135, at ¶¶ 32-33 (employee's self-serving claim that he suffered severe emotional distress by being fired one week before Christmas was insufficient to establish elements of emotional distress absent additional evidence).
 {¶ 42} We conclude that Freeman's self-serving affidavit and responses to requests for admissions are insufficient to rebut RWS's motion for summary judgment. Although Freeman claims that he was following an RWS employee's instruction when he submitted the false lien waivers, he fails to identify who the employee was, when the conversation occurred, or indicate why he cannot provide more detail regarding the conversation. Therefore, Freeman has failed to set forth specific facts indicating there is a genuine issue of material fact as to whether he committed fraud by submitting the waivers. Because RWS submitted sufficient evidence to support its summary judgment motion as to the fraud claim and the appellants failed to raise a genuine issue of material fact, the trial court did not err by granting summary judgment on the fraud claim.
 {¶ 43} Having found no merit in the appellants' sole assignment of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.