JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Kristine Shreves ("Mrs. Shreves") and Jack Shreves ("Mr. Shreves") (collectively "plaintiffs"), appeal from the order of the trial court granting summary judgment in favor of defendant-appellee, Meridia Health System ("defendant"). For the reasons set forth below, we affirm.
 {¶ 2} The record reveals the following facts. On July 20, 2001, Mrs. Shreves went to Hillcrest Hospital to visit her sister-in-law, who was giving birth. While in the waiting room outside the labor and delivery department, Mrs. Shreves attempted to get a glass of water at the small kitchenette near the waiting room. As soon as she entered the kitchenette, Mrs. Shreves claims she slipped and fell on a puddle of water on the floor.
 {¶ 3} At her deposition, Mrs. Shreves testified that after falling, she reported the incident to a young, blonde haired woman who was behind the front desk of the labor and delivery department. According to Mrs. Shreves, the woman stated, "oh, that happens all the time" and that she would let her supervisor know of the incident. Mrs. Shreves claims the woman took down her name and telephone number. Additionally, Mrs. Shreves testified that she spoke with another woman at the front desk with long brown hair between the ages of 30 and 40, who also stated that "it happens all the time." Mrs. Shreves is unable to provide a name or the position of these individuals. She also maintains that a couple of days after the incident, while in the emergency room of Hillcrest, a nurse told her "* * * well, that happens all the time up there, things get wet and people fall. * * * people run in there to get water, maybe a nurse will run in there to grab ice out of a machine or do something." Again, Mrs. Shreves was unable to provide a name of the ER nurse or locate her.
 {¶ 4} A few days after the alleged incident, Mrs. Shreves sought medical treatment for a knee injury.
 {¶ 5} On July 11, 2003, plaintiffs filed a complaint against defendant alleging negligence and loss of consortium and services. Plaintiffs voluntarily dismissed this action on April 12, 2004.
 {¶ 6} Plaintiffs refiled their complaint against defendant on March 30, 2005. Discovery proceeded and on September 30, 2005 defendant filed a motion for summary judgment. On December 12, 2005, the trial court granted defendant's motion for summary judgment, finding that summary judgment was proper as the hazard constituted an open and obvious danger in which Mrs. Shreves could have taken reasonable cautions for her own safety and that plaintiffs failed to produce any admissible evidence that a hazard existed and that defendant had actual notice of the hazard.
 {¶ 7} Plaintiffs now appeal and assert two assignments of error for our review. In the interests of convenience, we will address plaintiffs' second assignment of error first. Plaintiffs' second assignment of error states:
 {¶ 8} "The trial court erred to the prejudice of the plaintiffs when it held that the plaintiffs failed to present admissible evidence that the defendant Meridia Health System had actual notice of the hazard to constitute a breach of its duty to the plaintiffs."
 {¶ 9} With regard to procedure, we note that we employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip. Co. (1997), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 10} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." Civ.R. 56(C);State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, 791 N.E.2d 45, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190,191, 1996-Ohio-326, 672 N.E.2d 654.
 {¶ 11} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389,696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 12} Plaintiffs maintain that the trial court erred in granting defendant's motion for summary judgment[1] because they presented sufficient evidence such that a genuine issue of material fact existed as to whether defendants knew, or should have known, of the puddle of water prior to Mrs. Shreves' fall.
 {¶ 13} In order to establish actionable negligence, a plaintiff must establish the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v.D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602, 693 N.E.2d 271.
 {¶ 14} Ohio law is clear that a visitor of a patient in a hospital is an invitee. Bowins v. Euclid General Hosp. Assoc.
(1984), 20 Ohio App.3d 29, 30, 484 N.E.2d 203. An owner or occupier of a premises owes its "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474. An owner or occupier of a premises is not, however, the insurer of a business invitee's safety, id., and the plaintiff must prove that the business owner or occupier had either actual or constructive notice of the alleged hazard which caused the injury. Peerboomv. Hartman (Nov. 18, 1998), Williams App. No. WMS-88-2.
 {¶ 15} In Combs v. First National Supermarkets, Inc.
(1995), 105 Ohio App.3d 27, 663 N.E.2d 669, this court stated:
 {¶ 16} "The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 {¶ 17} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 18} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 19} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Id. at 29, citing Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589, 49 N.E.2d 925. Accord Orndorff v. ALDI, Inc. (1996), 115 Ohio App.3d 632,635-636, 685 N.E.2d 1298.
 {¶ 20} If no evidence exists establishing that a defendant is responsible for, or had actual knowledge of, an existent hazard, "evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." Presley v. Norwood (1973), 36 Ohio St.2d 29, 32,303 N.E.2d 81.
 {¶ 21} Before addressing the foregoing elements, we must first determine whether Mrs. Shreves' testimony concerning statements allegedly made by defendant's employees constitute hearsay. More specifically, Mrs. Shreves testified that she informed a young lady with blonde hair sitting at the front desk of the labor and delivery center that she had just slipped and fell on water on the floor of the kitchenette. To which the young lady responded, "Oh, that happens all the time." Additionally, Mrs. Shreves testified that she later spoke with another woman at the same desk that had long brown hair, was medium height and between the ages of 30 and 40, who told her the same thing. Further, Mrs. Shreves testified that a few days after the incident, an ER nurse told her "* * * well, that happens all the time up there, things get wet and people fall. * * * people run in there to get water, maybe a nurse will run in there to grab ice out of a machine or do something."
 {¶ 22} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible as evidence. See Evid.R. 802. Evid.R. 801(D), however, provides that certain admissions do not constitute hearsay, and therefore, are admissible.
 {¶ 23} Plaintiffs maintain that pursuant to Evid.R. 801(D)(2)(d), Mrs. Shreves' testimony concerning statements allegedly made by defendant's employees do not constitute hearsay because they were admissions made by the defendant's representatives. Ohio courts have previously held that the party asserting admissibility pursuant to Evid.R. 801(D)(2)(d) has the burden of establishing that the statement "was made by an agent or employee of the party-opponent, during the existence of the relationship, concerning a matter within the scope of employment or agency." Davis v. Sun Refining Marketing Co. (1996),109 Ohio App.3d 42, 53, 671 N.E.2d 1049, see, also, RWS BuildingCompany v. Freeman, Lawrence App. No. 04CA40, 2005-Ohio-6665.
 {¶ 24} In RWS Building Company, the court found the plaintiff's self-serving affidavit which averred that an RWS employee told the plaintiff to submit fraudulent lien waivers constituted hearsay, and therefore, was inadmissible. The court reasoned that the plaintiff failed to "identify the individuals who allegedly made the statement, by name or position, or establish that the statement concerned a matter within the scope of that person's employment." Id. The court noted that "[a]lthough a statement by an unidentified agent may be admissible, [the plaintiff] must still establish that an agency existed between the declarant and RWS, and that the declarant had some authority regarding the subject matter of the statement." Id. The court concluded that the plaintiff's statement that the declarant was employed by RMS is insufficient without more information demonstrating that the declarant acted within the scope of his agency or employment. Id. Accordingly, the court held that the statement was not admissible under Evid.R. 801(D)(2)(d). Id.
 {¶ 25} As did the court in RWS Building Company, supra, we find that Mrs. Shreves' testimony concerning statements made by defendant's employees constitute hearsay, and therefore, are not admissible. As in RWS Building Company, supra, Mrs. Shreves did not identify the individuals, by name or position, who allegedly made the statements, nor could she establish the statements concerned a matter within the scope of that person's authority. Other than Mrs. Shreves' self-serving statement that the individuals were employees of defendant, plaintiffs have failed to establish the scope of the agency relationship. Further, plaintiffs are unable to sustain their burden of demonstrating that these individuals had some authority regarding the subject matter.
 {¶ 26} In addition to having found that Mrs. Shreves' testimony concerning alleged statements made by unidentified employees of the defendant constitute hearsay, we agree with the court's following statement in RWS Building Company, supra:
 {¶ 27} "A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate `the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.'"
 {¶ 28} (Citations omitted.) (Emphasis in original.) Id., quoting McPherson v. Goodyear Tire Rubber Co., Summit App. No. 21499, 2003-Ohio-7190.
 {¶ 29} In light of our decision concerning the inadmissibility of Mrs. Shreves' testimony, we find that plaintiffs have failed to present evidence establishing any of the elements proffered in Combs v. First National Supermarkets,Inc. (1995), 105 Ohio App.3d 27, 663 N.E.2d 669. More specifically, plaintiffs have failed to present any evidence establishing that defendant, through its employees, was responsible for the puddle of water or that defendant had actual or constructive knowledge of the hazard. Accordingly, we find that the trial court did not err in determining that no genuine issue of material fact existed and that reasonable minds could only conclude that defendant was entitled to summary judgment as a matter of law. Plaintiffs' second assignment of error is without merit.
 {¶ 30} Because our determination that plaintiffs' second assignment of error is dispositive of this appeal, we decline to address their first assignment of error[2] and defendant's cross-assignment of error,[3] or whether their cross-assignment of error was timely filed, as these issues are moot pursuant to App.R. 12(A)(1)(c). Therefore, we affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., CONCUR
[1] Plaintiffs contend that by failing to file or otherwise authenticate the deposition transcript of Mrs. Shreves prior to or at the time of the filing of defendant's motion for summary judgment, the motion was not supported by any evidence in the record. Ohio law is clear that "[w]hen a movant relies on deposition testimony in support of a motion for summary judgment, the depositions should be filed with the court. However, the opposing party's failure to object to the submission of unfiled deposition testimony, particularly when the opposing party uses that same transcript without objection, cannot be grounds for error." Dinnin v. Bencin (July 30, 1998), Cuyahoga App. No. 73141. Plaintiffs failed to object to the unfiled deposition testimony and used the same testimony in its brief in opposition and its brief in this court. Accordingly, the trial court did not error in relying upon the deposition testimony in rendering its decision.
[2] "II. The trial court erred to the prejudice of the plaintiffs when it held that the plaintiffs failed to present admissible evidence that the defendant Meridia Health System had actual notice of the hazard to constitute a breach of its duty to the plaintiffs."
[3] "Cross Assignment of Error No. 1: The court erred in not granting defendant's motion for summary judgment as plaintiffs have failed to establish actionable negligence as they have not identified an expert to link Mrs. Shreves' alleged injuries to the alleged negligence of defendant."