DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant, Nancy L. Secrist, appeals the order of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee, St. Croix, Ltd., in this action for a declaratory judgment interpreting the terms of an oil and gas lease. We affirm.
 {¶ 2} The facts of this matter are not in dispute. On October 11, 1992, Appellee entered into an oil and gas lease with Ralph and Patricia Menard,[1] who owned a parcel of property located at 1814 Revere Road, Fairlawn, Ohio. The *Page 2 
lease granted Appellee the right to extract oil and gas from the subject property. In return, the Menards were granted royalties from the natural gas so extracted and the right to free domestic use of up to two hundred thousand cubic feet of natural gas per year for domestic use in one residence on the subject property.
 {¶ 3} The Menards sold the subject property to Appellant in 2003, and the deed was recorded on August 18, 2003. The purchase agreement between Appellant and the Menards noted that with the transfer of the property was included "free gas * * * lease calls for 200,000 cubic [feet] annually per year [sic]." The purchase agreement also noted that "mineral rights stay with seller for 5 years from date of closing." Thus, although Appellee's interest in the property by virtue of the oil and gas lease was not noted on the deed, the parties are in agreement that Appellant purchased the property with notice of its existence. Subsequent to the transfer, Appellee cut off the supply of natural gas to the residence on the subject property. On November 8, 2005, Appellant unilaterally prepared and executed a document titled "Agreement to Be Bound by Oil and Gas Lease Provisions for Use of Free Gas." Appellee did not sign the agreement and, on February 8, 2006, Appellant filed an action for declaratory judgment interpreting the parties' interests under the lease and for an award of damages for breach thereof. *Page 3 
 {¶ 4} On August 24, 2006, Appellee moved the trial court for summary judgment. Appellant responded and filed a cross-motion for summary judgment. The trial court granted summary judgment to Appellee on October 12, 2006, concluding that the lease required Appellee's approval of any assignment of rights from the Menards to a subsequent purchaser and that there was no contract for the provision of free natural gas between Appellant and Appellee. The remaining claims were resolved between the parties, and on February 12, 2007, the trial court dismissed Appellant's claims against the Menards and her claim for damages against Appellee with prejudice. Appellant timely appealed the trial court's order granting summary judgment to Appellee with respect to the declaratory judgment, raising one assignment of error.
 ASSIGNMENT OF ERROR "The trial court erred in granting St. Croix's motion for summary judgment and in denying Secrist's motion for summary judgment."
 {¶ 5} Appellant maintains that the trial court erred in granting summary judgment to Appellee because the lease required Appellee to enter into a new agreement with Appellant under which natural gas would be provided to her free-of-charge. Appellant also asserts that Appellee was equitably estopped from arguing that the parties' original intent was to cut subsequent purchasers off from the benefit of free natural gas and that the trial court's interpretation of the lease leads to an unconscionable outcome. We disagree. *Page 4 
 {¶ 6} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant nonetheless. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87.
 {¶ 7} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is a genuine issue for trial. Byrd v. Smith, 110 Ohio St.3d 24,2006-Ohio-3455, at ¶ 10.
 {¶ 8} Oil and gas leases are governed by contract law. Harris v. OhioOil Co. (1857), 57 Ohio St.118, 129. As such, matters concerning the construction of an oil and gas lease raise questions of law. SeeLatina v. Woodpath Development *Page 5 Co. (1991), 57 Ohio St.3d 212, 214. The object, therefore, is to determine and effectuate the intentions of the parties. Skivolocki v.East Ohio Gas. Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus.
 {¶ 9} Leases providing for the extraction of oil and gas under Ohio law sever the surface interest in the property from the right to minerals beneath the surface. Bath Twp. v. Raymond C Firestone Co.
(2000), 140 Ohio App.3d 252, 256. In Maverick Oil Gas, Inc. v. Bd. OfEduc. of Barberton City Sch. Dist, 9th Dist. No. 23371, 2007-Ohio-1682, this court summarized Ohio law regarding the transfer of property subject to an oil and gas lease:
 "An oil and gas lease * * * creates a limited property right, such that the lessee has the right to possess the land to the extent reasonably necessary to perform the terms of the lease on his part. It is well settled that where a grantor transfers an interest in real estate and the transfer is recorded, the grantor may only convey his remaining interest to a subsequent grantee and nothing more. Thus, where the grantor holds the property subject to a lease that has been previously recorded, the grantee likewise takes the property subject to the lease, and the subsequent transfer has no effect on the prior lease." (Internal citations omitted.) Maverick, 2007-Ohio-1682, at ¶ 13.
 {¶ 10} When an oil and gas lease contains terms with respect to the provision of free gas to a residence on the subject property, "[the] free gas provision is a real covenant which runs with the surface ownership of the leasehold tract." Sethi v. Antonucci (1998),126 Ohio App.3d 382, 386. An exception to this general rule applies, however, when the parties to the lease agreement express their intention that the provision of free gas is to be a personal right by specifying the parties to whom gas is to be supplied. Stapleton v. *Page 6 Columbia Gas Transm. Corp. (1981), 2 Ohio App.3d 15, 19. Use of the words heirs, assigns, and successors "is not determinative of whether it was the intent of the parties that the covenant run, [but] the existence of the words is properly considered." Peto v. Korach (1969),17 Ohio App.2d 20, 23.
 {¶ 11} The oil and gas lease into which Appellee and the Menards entered contained the following language describing the right to free gas:
 "6. The Lessor may, at Lessor's sole risk and cost, lay a pipeline to any one gas well on the premises, and take gas produced from said well for domestic use in one dwelling house on the leased premises, at Lessor's own risk, subject to the use and the right of abandonment of the well by the Lessee, and subject to any curtailments or shut-in by any purchaser of the gas. The first two hundred thousand cubic feet of gas taken each year shall be free of cost, but all gas in excess of two hundred thousand cubic feet of gas taken in each year shall be paid for at the last published rates of the gas utility in the town or area nearest to the leased premises or the field market rate, whichever is higher. * * * This privilege is upon the condition precedent that the Lessor shall subscribe to and be bound by the reasonable rules and regulations of the Lessee relating to the use of free gas, and Lessor shall maintain the said pipeline, regulators, and equipment in good repair and free of all gas leaks and operate the same so as not to cause waste or unnecessary leaks of gas. * * * Lessor further agrees that upon the sale or transfer of the leasehold premises where someone other than the Lessor is entitled to take the gas under this Paragraph 6, that the gas supply will be terminated by Lessors until the Buyer of the property executes an agreement regarding the usage of the gas in the same form as the within agreement. In the absence of such an agreement free gas under this provision shall terminate, the within right of free gas not being assignable without the consent of the Lessee." (Emphasis added.)
Although the lease in general provides that "[a]ll covenants and conditions between the parties hereto shall extend to their heirs, personal representatives, successors and assigns," it is clear that with respect to the right to free gas in a *Page 7 
dwelling on the subject property, the parties intended to create a right personal in the Menards that would not run with the land upon transfer. They expressed their intention by providing that the supply of free gas would terminate upon transfer and by specifying that the right of free gas was not assignable without Appellee's consent, which was not obtained. The terms of the lease do not require Appellee to provide consent or to enter into an agreement for free gas with subsequent purchasers of the property. Accordingly, the trial court did not err in granting summary judgment to Appellee on this basis.
 {¶ 12} Appellant's remaining arguments — that Appellee was estopped from terminating the flow of free gas to her property and that the interpretation advanced by Appellee is unconscionable — are also without merit. As a general rule, a party will not be allowed to repudiate a contract while retaining the benefits that inure to it by the contract terms. RWS Building Co. v. Freeman, 4th Dist. No. 04CA40,2005-Ohio-6665, at ¶ 19. As discussed above, however, the terms of the lease required Appellee's consent for any assignment, but did not require that consent to be tendered. Appellee has not attempted to repudiate the terms of the agreement, and the terms of the lease are not unfair, unreasonable, or outrageous so as to be unconscionable. SeeFeatherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc.,159 Ohio App.3d 27, 2004-Ohio-5953, at ¶ 11-13. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. CONCURS
[1] The Menards were defendants in this action before the trial court, but all claims between Appellants and the Menards were settled prior to this appeal.