DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Delores and James Legard, appeal from the decision of the Lorain County Court of Common Pleas which granted the motion for summary judgment of Appellee, Huntington National Bank. We reverse and remand for further proceedings.
 {¶ 2} On January 29, 2003, Appellee filed a complaint against Appellants seeking a monetary award due to Appellant's default on a promissory note for the purchase of a vehicle. Thereafter, Appellee filed a motion for summary judgment. Appellants responded in opposition alleging that they did not receive adequate notice of disposition of the vehicle and that the disposition was not commercially reasonable. The court granted summary judgment in favor of Appellee and Appellants appealed asserting two assignments of error, which have been consolidated to facilitate review.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting Appellee's motion for summary judgment and denied as a material fact Appellee's alleged failure to comply with notice of sale requirements prior to selling collateral at private sale repossessed from Appellants in default."
 ASSIGNMENT OF ERROR II
"The trial court erred in granting Appellee's motion for summary judgment in that the trial court failed to require Appellee to prove that reasonable [fair market value] was obtained at private sale."
 {¶ 3} In these assignments of error, Appellants allege that the trial court erred by granting Appellee's motion for summary judgment. Essentially, Appellants argue that issues of material fact exist regarding proper notice and disposition of the collateral. We agree.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336; Klingshirn v. Westview ConcreteCorp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,1996-Ohio-107. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts.Dresher, 75 Ohio St.3d at 293.
 {¶ 6} Pursuant to R.C. 1309.610(A), upon the default of a debtor, the secured party may "sell, lease, license, or otherwise dispose of" collateral. Every aspect of the disposition, "including the method, manner, time, place, and other terms," must be commercially reasonable in nature. R.C. 1309.610(B). Thus, a secured party may dispose of collateral at either a commercially reasonable public or private sale. Id. R.C.1309.627 provides guidelines for determining whether a disposition was made in a commercially reasonable manner. When a secured party disposes of collateral under R.C. 1309.610, "reasonable authenticated notification" of such disposition is to be provided to the debtor. R.C.1309.611(B).
 {¶ 7} In the present matter, Appellants contend that neither the disposition of the collateral nor the notification received conform to the statutory requirements. In an action where the secured party's compliance is at issue, "the secured party has the burden of establishing that the * * * disposition * * * was conducted in accordance with [R.C.1309.601 to 1309.628.]" R.C. 1309.626(B). As Appellants have raised the issue of Appellee's compliance, Appellee bore the burden of demonstrating its compliance when disposing of the collateral. See id. See, also, LanceAcceptance Corp. v. Claudio, 9th Dist. No. 02CA008201, 2003-Ohio-3503, at ¶ 10.
 {¶ 8} Moreover, notwithstanding the language of R.C. 1309.626,
"[i]t is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v.Wootton (1991), 73 Ohio App.3d 501, 504. See, also, Lance AcceptanceCorp. at ¶ 11.
Thus, as Appellee was the party moving for summary judgment, the burden was on the bank to establish the absence of a genuine issue of material fact. See Lance Acceptance Corp. at ¶ 11.
 {¶ 9} In support of its motion, Appellee provided copies of various documents and an affidavit of Vilma Kruse, who is identified as the custodian of the records for Appellee. Ms. Kruse's affidavit states that "she has the custody and control of the records herein and makes the within [a]ffidavit based upon his (sic) review of said records maintained in the ordinary course of business." It further states that "she has reviewed all exhibits attached to [Appellee's] [b]rief in [s]upport of its [m]otion for [s]ummary [j]udgment and states to the best of her knowledge and belief that those exhibits are true and accurate copies of the purported documents." The exhibits are photocopies of a report of Appellants payment history and two letters, containing the statement "Notice of Our Plan to Sell Property," addressed to Appellants. The affidavit does not identify how many documents are attached, nor does it specifically identify any documents by exhibit letter or number.
 {¶ 10} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment.Lance Acceptance Corp. at ¶ 15, citing Spier v. American Univ. of theCarribean (1981), 3 Ohio App.3d 28, 29. Those materials are affidavits, depositions, transcripts of hearings in the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings. Civ.R. 56(C). Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Lance Acceptance Corp. at ¶ 15, citingMartin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89. Documents that have not been sworn, certified, or authenticated by way of affidavit "have no evidentiary value[.]" Lance Acceptance Corp. at ¶ 15, citing Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75. However, "if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion." Christe v. GMS Mgt.Co., Inc. (1997), 124 Ohio App.3d 84, 90. See, also, Lance AcceptanceCorp. at ¶ 17.
 {¶ 11} In the present matter, while two of the documents attached to Appellee's motion for summary judgment appear to be letters addressed to Appellants captioned "Notice of Our Plan to Sell Property," they are not proper Civ.R. 56(C) evidence as they do not fall into one of the categories of evidentiary materials listed in that section nor were they incorporated and referenced in a properly framed affidavit pursuant to Civ.R. 56(E). See Lance Acceptance Corp. at ¶ 16. Moreover, neither the documents themselves nor the affidavit provide a statement to the effect that the disposition of the automobile was conducted in a commercially reasonable manner and that the submitted letters had actually been provided to Appellants. See id. Thus, even if the improper evidence was considered by the trial court, Appellee's have not demonstrated the absence of a genuine issue of material fact.
 {¶ 12} Accordingly, based upon the evidence presented, Appellee has not met its Dresher burden of demonstrating that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Appellant's first and second assignments of error are sustained.
 {¶ 13} Appellant's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
Baird, P.J., Batchelder, J., Concur.