DECISION AND JUDGMENT ENTRY
{¶ 1} Pennsylvania National Mutual Casualty Insurance Company (Penn National) appeals the trial court's summary judgment in Gulf Insurance Company's (Gulf) favor in this action by a subcontractor to obtain payment under a construction bond. Penn National contends that genuine issues of material fact remain regarding whether Gulf's payment bond is valid and enforceable. However, Gulf filed a properly supported Civ.R. 56 motion, which taken on its face shows that Penn National's payment bond replaced Gulf's payment bond. Because Penn National failed to respond with proper summary judgment evidence to establish that a genuine issue of material fact remained for trial, the court correctly entered summary judgment in Gulf's favor.
 {¶ 2} This case involves a dispute between two construction bonding companies.[1] In 2001, Gulf issued a $1.1 million payment bond on behalf of BL Contractors, Inc. for the Fairland East Elementary School construction project. Subsequently, Penn National issued a $849,000 payment bond on behalf of BL for the same project. Gulf contends that the Penn National bond replaced Gulf's bond, making it no longer available for claims arising out of the construction project. Thus, the ultimate issue involves which bond(s) the subcontractor may look to for satisfaction of the amounts due it.
 {¶ 3} In 2003, SB Installations, a project subcontractor, filed a complaint against BL for breach of contract and asserted bond payment claims against Penn National and Gulf. Penn National filed a cross-claim against Gulf, asserting that Gulf's bond controlled or alternatively, that Gulf is jointly and severally liable. Gulf likewise filed a cross-claim against Penn National.
 {¶ 4} Gulf subsequently filed a motion for summary judgment. It argued that no genuine issues of material fact existed to show that it was liable under the bond. In support of its motion, Gulf referred to Jack Massey's affidavit. Massey, an employee of the Putnam Agency, Inc., issued the bonds on behalf of both Gulf and Penn National. Massey stated: (1) in August of 2001, he prepared the Gulf bond to submit along with BL's bid for the project; (2) before the District accepted BL's bid, BL requested him to find another bond with more favorable terms; (3) during August and September of 2001, Massey met with Penn National representatives to discuss moving the BL account from Gulf to Penn National; (4) during September of 2001, Putnam moved the BL account from Gulf to Penn National and Penn National issued several final bonds on BL's behalf; (5) "[t]he Penn National Bond was provided to Janet Griffiths of BL, for signature and delivery to the Fairland Local School District to replace the Gulf Bond"; and (6) "I am aware that, by letter dated December 10, 2001, the replacement of the Gulf Bond with the Penn National Bond was confirmed by Paul E. Wood, Assistant Project Manager for BBL Construction Services, the construction manager for the Obligees."
 {¶ 5} In response, appellant argued that genuine issues of fact remained. It argued that it never authorized Putnam to issue the Penn National bond. Appellant attached a document, which it described as a "letter", that Penn National purportedly sent to Massey in October of 2002. The copy of the "letter" in the record has no letterhead or signature. Furthermore, no one from Penn National has incorporated or authenticated the letter via an affidavit. The document does state that Penn National learned that Putnam "approved bonds for accounts where you did not have the authority or a current line of credit to do so," including the $849,000 bond.
 {¶ 6} The trial court subsequently granted appellee's summary judgment motion.
 {¶ 7} Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred in determining that there were no genuine issues of material fact thereby granting summary judgment to Gulf Insurance Company against Pennsylvania National Mutual Casualty Insurance Company."
 {¶ 8} In its sole assignment of error, appellant contends that the trial court improperly entered summary judgment in appellee's favor because genuine issues of material fact remain regarding whether the Penn National bond was intended to replace the Gulf bond. Relying on the October 4, 2002 letter to Massey, Penn National contends that it did not approve or authorize the $849,000 bond. It additionally complains that the court should not have granted appellee summary judgment when most of its evidence consisted of Massey's "self-serving affidavit." Appellant further argues that the trial court should have allowed the parties to engage in further discovery before ruling on appellee's summary judgment motion. Appellant particularly disputes Massey's affidavit in which he states that the Penn National bond replaced the Gulf bond. It claims that it should be entitled to depose and cross-examine Massey.
 {¶ 9} Appellee argues that appellant relies upon improper Civ.R. 56 evidence when claiming that genuine issues of material fact remain. Specifically, appellee contends that appellant's reference to the October 4, 2002 letter is not proper Civ.R. 56 evidence that a court can consider. Appellee further asserts that the proper Civ.R. 56 evidence before the court demonstrates that the Penn National bond replaced the Gulf bond. Appellee notes that Massey stated in his affidavit that the Gulf bond was a bid/contract bond that was replaced before the District accepted the bid.
 {¶ 10} We conduct a de novo review of a trial court's summary judgment decision. See, e.g., Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Lexford Prop.Mgmt., L.L.C. v. Lexford Prop. Mgmt., Inc. (2001),147 Ohio App.3d 312, 316, 770 N.E.2d 603. Under Civ.R. 56, summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. See, e.g., Grafton.
 {¶ 11} A court may not sustain a summary judgment motion solely on the moving party's conclusory assertion that the nonmoving party has no evidence to prove its case. Instead, the "party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164. If the moving party satisfies this initial burden, the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Dresher, 75 Ohio St.3d at 293.
 {¶ 12} Here, our review of the record shows that appellee met its initial burden under Civ.R. 56 to demonstrate the absence of a material fact. Appellee presented Massey's affidavit in which he stated that the Penn National bond replaced the Gulf bond. Appellant did not respond with evidence showing the existence of a genuine issue of material fact. Appellant's reference to the October 4, 2002 "letter" does not establish the existence of a genuine issue of material fact concerning the existence of Penn National's bond or whether the Penn National bond replaced the Gulf bond.
 {¶ 13} In its brief, appellee objects for the first time to this letter, claiming that it is not proper Civ.R. 56 evidence. Civ.R. 56 limits the evidence that a court may consider when ruling on a summary judgment motion. That rule specifies that a court may consider affidavits, depositions, transcripts of hearings in the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings. The court may consider other types of evidence only if incorporated by reference in a properly framed affidavit. Huntington Natl.Bank v. Legard, Lorain App. No. 03CA8285, 2004-Ohio-323 (citations omitted). "Documents that have not been sworn, certified, or authenticated by way of affidavit `have no evidentiary value[.]'" Id. at ¶ 10 (quoting Lance AcceptanceCorp. v. Claudio, Lorain App. No. 02CA8201, 2003-Ohio-3503, at ¶ 15). However, "`if the opposing party fails to object to improperly introduced evidentiary materials, the trial court may, in its sound discretion, consider those materials in ruling on the summary judgment motion.'" Id. (quoting Christe v. GMS Mgt.Co., Inc. (1997), 124 Ohio App.3d 84, 90, 705 N.E.2d 691); see, also Rodger v. McDonald's Restaurants of Ohio, Inc. (1982),8 Ohio App.3d 256, 258, fn. 7, 456 N.E.2d 1262.
 {¶ 14} Because the "letter" clearly does not satisfy the requirements of the rule, we presume the court did not consider it. In fact, given the lack of a letterhead and signature, and incorporation by an affidavit, it would have been an abuse of discretion for the court to do so. Moreover, even if we consider the "letter", it doesn't purport to revoke the bond or declare it invalid, nor did it notify BL of any such intent. Accordingly, it does not create a genuine issue of material fact.
 {¶ 15} Appellant further complains that appellee did not meet its burden because Massey's affidavit was not subject to cross-examination. Affidavits have long been considered proper Civ.R. 56 evidence, even though the affiants are not subject to cross-examination. In Schroeder v. Tennill (Aug. 27, 1990), Stark App. No. CA-8123, at fn.2, the court rejected a similar argument: "In its brief, [appellee] claims, `The affidavit is not subject to cross-examination, nor have depositions been taken. * * *' The appellee further claims that the affidavit is a self-serving declaration.' `We do not know for sure if that is the case.' Appellee misses the import of Civ.R. 56 and failed to avail of the option granted in Civ.R. 56(F). For purposes of summary judgment, a self-serving affidavit, unchallenged, justifies a finding that reasonable minds can come to the conclusion that the claim is true."
 {¶ 16} Faced with Massey's affidavit, appellant had a burden to produce admissible Civ.R. 56 evidence showing that a genuine issue of material fact remained. It did not, and, thus, the trial court appropriately entered summary judgment in appellee's favor.
 {¶ 17} Furthermore, appellant's argument that the court should have allowed it time to depose Massey is not persuasive. Appellant did not raise this contention as an assignment of error. In all likelihood this is because appellant could have availed itself of Civ.R. 56(F), but did not.
Civ.R. 56(F) provides: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." Thus, the rule requires a party seeking a continuance to provide the trial court with sufficient reasons why it "`cannot present by affidavit facts sufficient to justify its opposition.'" Denham v. New Carlisle (2000),138 Ohio App.3d 439, 443, 741 N.E.2d 587 (quoting Gates Mills Invest. Co.v. Pepper Pike [1978], 59 Ohio App.2d 155, 169,392 N.E.2d 1316). Here, appellant did not seek a continuance under the rule and cannot avail itself of the rule's benefit for the first time on appeal.
 {¶ 18} Last, appellant asserts that we should reverse the trial court's judgment based on Judge McCown's decision inStonecreek Interior Systems, Inc. v. Gulf Ins. Co., Lawrence C.P. No. 03-OC-387. According to appellant, Stonecreek involves the same dispute between Penn National and Gulf, and Judge McCown ruled that both Penn National and Gulf were liable under the bonds. Not only is this judgment entry not part of the record in this case but we have no way of discerning what evidence was before Judge McCown and why he ruled contrary to the trial court's judgment in this case. Based upon the proper evidence included in the trial court record in this case, we conclude that the trial court properly entered summary judgment in appellee's favor.
 {¶ 19} Consequently, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] A companion case involving the same parties, Lawrence App. No. 04CA6 has been dismissed.