DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Linda Lennington, appeals from the judgment of the Wayne County Court of Common Pleas, which granted the motions for summary judgment of Appellee, DaimlerChrysler Services North America, and Appellee, Village Motors, Inc. We reverse in part and affirm in part.
 I. {¶ 2} On February 17, 2001, Appellant purchased a vehicle from Appellee, Village Motors, Inc. ("Village Motors"), which was financed through a retail installment contract with Appellee, DaimlerChrysler Services North America ("Daimler"). Appellant subsequently defaulted on the loan, and Village Motors repossessed the vehicle. Daimler then sold the vehicle at a public sale. Following the sale, there was a deficiency balance on the vehicle.
 {¶ 3} On February 9, 2004, Daimler commenced this action against Appellant in Wayne County Municipal Court. In its complaint, Daimler sought recovery of the balance remaining on the vehicle. Appellant filed an answer and counterclaim on April 6, 2004, as well as a third party complaint against Village Motors. In her third party complaint, Appellant alleged (1) violations of Ohio's Consumer Sales Practices Act ("CSPA"), (2) fraud, (3) breach of contract and (4) breach of warranty. Because Appellant's counterclaim and third party claim exceeded the jurisdictional limits of the Municipal Court, the case was transferred to the Wayne County Court of Common Pleas. Village Motors was granted a 28 day leave to plead and on June 4, 2004, filed a motion to dismiss. The trial court denied this motion on June 21, 2004.
 {¶ 4} On December 30, 2004, Daimler filed a motion for summary judgment. Daimler's counsel, Edward Kraus, filed an affidavit in support of the motion and attached four documents thereto. Village Motors then filed a motion for summary judgment on January 3, 2005. In response, Appellant filed a motion to strike the affidavit of Daimler's counsel and three of the four documents attached thereto along with a memorandum in opposition to Daimler's motion for summary judgment. Appellant additionally filed a memorandum in opposition to Village Motors' motion for summary judgment. Daimler then filed the supplemental affidavit of Christine Poole along with a motion in opposition to Appellant's motion to strike Mr. Kraus' affidavit. On June 2, 2005, the trial court denied Appellant's motion to strike. The trial court then granted both Appellees' motions for summary judgment on June 8, 2005. In granting Daimler's motion, the court awarded it $6,480.42 plus interest. Appellant timely appealed from this order, raising nine assignments of error for our review. For ease of analysis, we have consolidated several of Appellant's assigned errors.
 II. APPELLANT'S ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY GRANTING [DAIMLER] SUMMARY JUDGMENT BASED ON HEARSAY EVIDENCE."
 APPELLANT'S ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING [DAIMLER] SUMMARY JUDGMENT BECAUSE IT FAILED TO PRESENT EVIDENCE TO SHOW COMPLIANCE WITH STATUTORY REQUIREMENTS REGARDING THE DISPOSITION OF COLLATERAL AFTER REPOSSESSION."
 APPELLANT'S ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED BY GRANTING [DAIMLER] SUMMARY JUDGMENT BECAUSE IT FAILED TO COMPLY WITH THE PROVISIONS OF R.C. 1317.16."
 {¶ 5} In Appellant's second, third and fourth assignments of error she argues that the trial court erred when it granted summary judgment to Daimler because (1) Daimler's motion was based on hearsay evidence and (2) Daimler failed to establish its compliance with the statutory requirements regarding the disposition of collateral after repossession. We agree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to R.C. 1309.610(A), upon the default of a debtor, the secured party may "sell, lease, license, or otherwise dispose of" collateral. Under R.C. 1317.16, "[a] secured party whose security interest is taken pursuant to section 1317.071 of the Revised Code may, after default, dispose of any or all of the collateral only as authorized by this section." As Appellant's contract for purchase of the vehicle was financed through a retail installment contract with Daimler, the contract is governed by R.C. 1317.01 et. seq. R.C. 1317.16(B) deals with the disposition of property after it has been repossessed and provides:
"Disposition of the collateral shall be by public sale only. Such sale may be as a unit or in parcels and the method, manner, time, place, and terms thereof shall be commercially reasonable. At least ten days prior to sale the secured party shall send notification of the time and place of such sale and of the minimum price for which such collateral will be sold, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at the debtor's last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. In addition, the secured party shall cause to be published, at least ten days prior to the sale, a notice of such sale listing the items to be sold, in a newspaper of general circulation in the county where the sale is to be held."
 {¶ 10} In the within matter, Appellant contends that Daimler failed to comply with the statutory requirements regarding the disposition of the collateral. Once a debtor raises the issue of a secured party's compliance with the statutory requirements regarding disposition of collateral, the secured party has the burden of demonstrating its "collection, enforcement, disposition or acceptance" was conducted as required by the revised code. R.C. 1309.626(B). Accordingly, pursuant to the plain terms of the statute, Daimler did not have the burden of establishing reasonable notification unless and until Appellant placed the notification at issue. A review of Appellant's answer reflects that she raised the defense that Daimler failed to comply with R.C. 1309.601 through 1309.628 and R.C. 1317.16 with respect to the disposition of the vehicle. Thus, according to R.C. 1309.626, Daimler then had the burden to demonstrate compliance in collection, enforcement, disposition, or acceptance.
 {¶ 11} Notwithstanding the dictates of R.C. 1309.626, "[i]t is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."Horizon Savings v. Wootton (1991), 73 Ohio App.3d 501, 504. As Daimler was the party moving for summary judgment, the burden was on it, as the moving party, to establish the absence of a genuine issue of material fact.
 {¶ 12} In support of its motion, Daimler provided copies of various documents and the affidavit of Edward Kraus, Daimler's attorney. The exhibits include: (1) the retail installment contract, (2) a printout of Appellant's account, (3) a document entitled "Notice After Repossession or Voluntary Surrender", (4) a document entitled "Vehicle Receipt and Condition Report", (5) a document entitled "Repossession Checklist", a document entitled "Vehicle Auction Assignment and Transportation Authorization", (6) a document entitled "Post Repossession Checklist" and (7) a March 31, 2003 letter from Daimler to Appellant providing an explanation of the amount of deficiency from the disposition of the vehicle.
 {¶ 13} In Appellant's motion to strike she argued that the affidavit did not comply with Civ.R. 56 because the affidavit was not based on personal knowledge and the affiant did not specifically reference or incorporate the documents attached thereto. In her memorandum in opposition, Appellant further argued that even if the affiant had properly authenticated the attached documents, the affidavit and documents do not support the allegation that Daimler disposed of the collateral in the manner required by R.C. 1309.601 to 1309.628 or R.C. 1317.16. In support of her memorandum in opposition, Appellant provided her own affidavit, in which she incorporated and referenced a copy of the parties' retail installment contract and her memorandum of title of the vehicle. Both of these documents were attached to Appellant's affidavit.
 {¶ 14} In response to Appellant's motion to strike and memorandum in opposition, Daimler filed the affidavit of Christine Poole, attorney services specialist for Daimler. In her affidavit, Ms. Poole identified herself as being "familiar with the debt of the Defendant described in Plaintiff's Complaint" and states that the affidavit is "based on Affiant's personal knowledge of same[.]"
 {¶ 15} Civ.R. 56(C) provides an exclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v. American Univ. of the Carribean (1981),3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. Martin v. Central Ohio Transit Auth. (1990),70 Ohio App.3d 83, 89; Robinson v. Springfield Local School Dist. Bd. ofEdn. (Mar. 27, 2002), 9th Dist. No. 20606, at *4. "[D]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Mitchell v. Ross (1984),14 Ohio App.3d 75, 75.
 {¶ 16} In this case, while a document attached to Daimler's motion for summary judgment appears to be a document regarding its repossession of Appellant's vehicle (the heading states "Notice After Repossession or Voluntary Surrender," which includes a notice of the public sale of Appellant's vehicle), it was not proper Civ.R. 56(C) evidence because it did not fit into one of the categories of evidentiary materials listed in Civ.R. 56(C) and it had not been properly incorporated and referenced in a properly framed affidavit pursuant to Civ.R. 56(E).[1]
Specifically, the record reflects that Daimler failed to properly authenticate any of the aforementioned documents with "a personal certification that they are genuine[.]" Modon v. Cleveland
(Dec. 22, 1999), 9th Dist. No. 2945-M, at *2, citing Bowmer v.Dettelbach (1996), 109 Ohio App.3d 680, 684. See Baron v.Andolsek, 11th Dist. No. 2003-L-005, 2004-Ohio-1159, at ¶ 36 (finding that affidavit properly incorporated and authenticated documents where affidavit indicated that affiant was the custodian of the reports the appellee sought to incorporate and attested to the truth and accuracy of the documents, which were kept by the police department in the normal and regular course of business). Neither affidavit identifies how many documents are attached, nor identifies the documents by exhibit letter or number. See Huntington Natl. Bank v. Legard, 9th Dist. No. 03CA008285, 2004-Ohio-323, at ¶ 9.[2]
 {¶ 17} Since these items, as introduced, did not meet the Civ.R. 56(F) requirements, these items were improperly before the trial court, and should not have been considered by the trial court when ruling on the motion for summary judgment. See Greenv. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223, 228. Moreover, neither the documents nor the affidavits demonstrate that (1) the disposition of the vehicle was conducted in a commercially reasonable manner, (2) the notice of the sale was published in a newspaper of general circulation in the country where the sale was to be held and (3) the notice had actually been sent to Appellant via certified mail. See R.C. 1317.16(B); HuntingtonNatl. Bank, supra at ¶ 11. Thus, even if the trial court appropriately considered this evidence, Daimler has not demonstrated the absence of a genuine issue of material fact regarding its compliance with the statutory requirements regarding the disposition of collateral after repossession.
 {¶ 18} Accordingly, based upon the evidence presented, Daimler did not meet its initial Dresher burden of demonstrating that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Appellant's second, third and fourth assignments of error are sustained.
 APPELLANT'S ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO STRIKE APPELLEE'S EVIDENCE PRODUCED BY AFFIDAVIT OF ITS COUNSEL IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT."
 {¶ 19} In light of our disposition of Appellant's second, third and fourth assignments of error, we need not address Appellant's first assignment of error.
 APPELLANT'S ASSIGNMENT OF ERROR V
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [VILLAGE MOTORS] ON APPELLANT'S THIRD-PARTY COMPLAINT BECAUSE APPELLANT SHOWED A VALID CLAIM FOR BREACH OF WARRANTY OF TITLE."
 APPELLANT'S ASSIGNMENT OF ERROR VI
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [VILLAGE MOTORS] ON APPELLANT'S THIRD-PARTY COMPLAINT BECAUSE APPELLANT HAD A VALID CLAIM FOR BREACH OF CONTRACT."
 {¶ 20} Appellant's fifth and sixth assignments of error center around the theory that Village Motors failed to provide Appellant with a valid certificate of title because it did not obtain a new certificate of title for the vehicle after it replaced the engine. Appellant contends that this failure constitutes a breach of warranty of title and breach of contract. We disagree.
 {¶ 21} Appellant's claim for breach of warranty of title is based on R.C. 1302.25(A)(1). Under this provision, in a contract for sale of a motor vehicle, the seller warrants that the title conveyed is good and "its transfer rightful." According to Appellant, the title Village Motors transferred to her was invalid because it had failed to obtain a new certificate of title after it replaced the engine in the vehicle. Appellant claims that Village Motors breached its warranty of title by transferring an invalid certificate of title.
 {¶ 22} Similarly, in Appellant's breach of contract claim she contends that Village Motors breached its contract for the sale of the vehicle to Appellant by failing to provide her with a valid certificate of title. Appellant contends that, as part of the parties' contract, Village Motors had a duty to deliver a valid certificate of title and that its failure to due so constitutes a breach.
 {¶ 23} Appellant has failed to cite a single statute, administrative rule or court decision that requires a dealership to obtain a replacement title for a vehicle where the engine has been replaced. Appellant has merely stated the procedure for obtaining a replacement vehicle identification number ("VIN"). Moreover, the statute Appellant cites in support of her contentions governs fraudulent actions regarding VINs. See R.C.4549.62. Contrary to Appellant's assertions, the purpose of this statute is to "deter (a vehicles) theft and facilitate its marketability." R.C. 4549.62(D)(4)(b). A review of statutes regarding VINs reveals that these statutes are crafted to prohibit persons from fraudulently altering or concealing a vehicle or vehicle part's VIN.
 {¶ 24} The only case Appellant cites in support of her contention that an automobile dealership is required to obtain a new title and VIN when it replaces an engine is State v.Vitanovich (1994), 97 Ohio App.3d 494. Upon review, we find thatVitanovich is clearly distinguishable from the within matter. In Vitanovich, an automobile restorer tampered with VINs to obtain a "salvage title" instead of a "self assembled vehicle" title. When the defendant took the vehicle to the Ohio Highway Patrol for inspection, the state trooper seized the vehicle as contraband as a result of the defendant's conduct in tampering with the VINs. These facts are quite dissimilar from this matter wherein Village Motors informed Appellant that it had replaced the engine in her vehicle.
 {¶ 25} Appellant has failed to demonstrate that Village Motors was required to obtain a new certificate of title after replacing the engine. She has further failed to demonstrate that the title she received was invalid. Therefore, we find no error in the trial court's grant of summary judgment in favor of Village Motors on Appellant's breach of warranty of title and breach of contract claims. Appellant's fifth and sixth assignments of error are overruled.
 APPELLANT'S ASSIGNMENT OF ERROR VII
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [VILLAGE MOTORS] ON APPELLANT'S THIRD-PARTY COMPLAINT BECAUSE APPELLANT HAD A VALID CLAIM FOR FRAUD."
 {¶ 26} Appellant's seventh assignment of error is premised on Village Motors' knowledge that it had replaced the engine prior to transferring the vehicle to her. Appellant contends that Village Motors' failure to obtain a new certificate of title for the vehicle after it replaced the engine constitutes fraud. We disagree.
 {¶ 27} The Ohio Supreme Court has identified the elements of fraud as: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Cohenv. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169. Appellant contends that Village Motors' actions constitute fraud because (1) it knew it had replaced the engine, (2) represented that it was transferring good title to Appellant, (3) Appellant reasonably relied on this representation of good title and (4) Appellant did not receive good title.
 {¶ 28} We have already determined herein that Appellant's claim that she did not receive good title lacks merit. Appellant's fraud claim fails on this basis alone. Even assuming, arguendo, that Appellant did not receive good title, she has nonetheless failed to demonstrate and/or allege that she suffered an actual "injury proximately caused by the reliance." Id. Merely possessing an invalid certificate of title does not cause injury. Injury results when a title holder is unable to convey title because the certificate is invalid. Appellant has not made this allegation. We therefore find that the trial court did not err in granting summary judgment in favor of Village Motors on Appellant's fraud claim.
 APPELLANT'S ASSIGNMENT OF ERROR VIII
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [VILLAGE MOTORS] ON APPELLANT'S THIRD-PARTY COMPLAINT BECAUSE APPELLANT SHOWED A VALID CLAIM UNDER OHIO'S CONSUMER SALES PRACTICES ACT, R.C. 1345.01 ET SEQ."
 {¶ 29} In Appellant's eighth assignment of error she contends that the trial court erred by granting summary judgment on her CSPA claim. We disagree.
 {¶ 30} Appellant's CSPA claim arises out of her argument that Village Motors failed to deliver a valid certificate of title. Case law dictates that failure to deliver a certificate of title for a motor vehicle is an unfair and deceptive practice in violation of R.C. 1345.02(A). Renner v. Derin Acquisition Corp.
(1996), 111 Ohio App.3d 326, 335, citing Cardwell v. TomHarrigan Oldsmobile, Inc. (June 27, 1984), 2d Dist. No. CA8119. However, Appellant has failed to provide any evidence that Village Motors (1) failed to deliver a certificate of title and/or (2) failed to deliver a valid certificate of title. We therefore find that the trial court did not err in granting summary judgment in favor of Village Motors on this claim. Appellant's eighth assignment of error is overruled.
 APPELLANT'S ASSIGNMENT OF ERROR IX
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [DAIMLER] BECAUSE APPELLANT'S CLAIMS AGAINST [VILLAGE MOTORS] ARE VALID DEFENSES TO [DAIMLER'S] ACTION."
 {¶ 31} As we find that Appellant's claims against Village Motors lack merit, we therefore find that these claims are not valid defenses to Daimler's action. Consequently, we overrule Appellant's ninth assignment of error.
 III. {¶ 32} Appellant's first assignment of error is moot. Appellant's second, third and fourth assignments of error are sustained. Appellant's fifth, sixth, seventh, eighth and ninth assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to all parties equally.
Slaby, P.J. Whitmore, J. Concur.
[1] This Court has held that an affidavit meets the requirements of Civ.R. 56(E) wherein the affiant specifically references the documents attached to the affidavit and establishes that she has personal knowledge of the account.Countrywide Home Loans, Inc. v. Rodriguez, 9th Dist. Nos. 03CA008345, 03CA008417, 2004-Ohio-4723. In foreclosure cases, such as Rodriguez, this Court has held that documents reflecting the debtor's payment records are appropriately incorporated and authenticated when the affiant demonstrates that the documents are generated and maintained in the regular course of business. Id. at ¶ 14. Here, five of the seven documents attached to the affidavits concerned Daimler's efforts after repossession. Yet, the affidavits related to Appellant's debt, not Daimler's records regarding its compliance with statutory requirements after repossession. Moreover, neither affidavit demonstrated that the documents generated after Daimler repossessed the vehicle were prepared or maintained in the ordinary course of business.
[2] Huntington is a factually similar case involving the disposition of a vehicle by a secured lender after repossession.Huntington, supra, at ¶ 9. In Huntington, this Court determined that documents attached to the appellee's summary judgment motion (including a report of the appellant's payment history and two letters regarding the notice of intention to sell the vehicle) were improper Civ.R. 56(C) evidence because they were not incorporated or referenced in a properly framed affidavit pursuant to Civ.R. 56(E) even though the affiant stated that "she has the custody and control of the records * * * maintained in the ordinary course of business" and had "reviewed all exhibits attached to [Appellee's] [b]rief in [s]upport of its [m]otion for [s]ummary [j]udgment and states to the best of her knowledge and belief that those exhibits are true and accurate copies of the purported documents." Id. In finding that summary judgment was improperly granted, this Court relied on the fact that the affidavit did not identify how many documents were attached to the affidavit and did not "specifically identify any documents by exhibit letter or number." Id.