[Cite as *Fifth Third Bank v. Watkins*, 2016-Ohio-1524.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| FIFTH THIRD BANK | | C.A. No. 27781 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS W. WATKINS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2013-12-5762 |

DECISION AND JOURNAL ENTRY

Dated: April 13, 2016

WHITMORE, Judge.

{¶1} Appellant, Thomas W. Watkins, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Watkins obtained a loan from Fifth Third Bank ("Fifth Third") to finance the purchase of a boat. Several years later, Watkins fell behind in the payments and listed the boat for sale. A number of months later, Fifth Third repossessed and sold the boat. The sale did not generate enough funds to pay the loan balance. Fifth Third filed an action to collect the deficiency from Watkins. Watkins answered asserting, inter alia, that Fifth Third failed to sell the boat in a commercially reasonable manner.

{¶3} Each party requested discovery from the other party. Among its discovery requests, Fifth Third made a request for admissions. Watkins' requests included a request for production of documents.

{¶4} On April 30, 2014, Fifth Third moved for summary judgment attaching unanswered requests for admissions as its Civ.R. 56(C) evidence. Watkins, subsequently, sought and received additional time from the trial court to respond to Fifth Third's discovery requests. In its brief to this Court, Fifth Third states that it received Watkins' discovery responses on August 4, 2014. Neither Fifth Third nor Watkins filed a copy of his answers to the requests for admissions with the trial court.

{¶5} After filing its motion for summary judgment, Fifth Third requested and received an extension of time to respond to Watkins' request for production of documents.

{¶6} Watkins also requested and received an extension of time to respond to the motion for summary judgment. In his response, he "object[ed]" to the motion arguing it was premature as discovery had not been completed. More particularly, he contended that Fifth Third refused to provide necessary documentation regarding whether the sale occurred in a commercially reasonable manner.

{¶7} Watkins filed a motion to compel Fifth Third to produce the documents that he had requested in discovery. That same day, Fifth Third's discovery responses were filed in the trial court[1]. The trial court denied the motion to compel as moot.

{¶8} Several months later, the trial court granted Fifth Third's motion for summary judgment.

{¶9} Watkins appeals raising one assignment of error for review.

---

[1] It is unclear who filed these discovery responses. It appears that the clerk made a notation on the trial court's docket indicating Watkins filed the responses. But, in his brief to this Court, Watkins states: "Appellant [Watkins] filed a motion to compel. On the same day the Appellee [Fifth Third] filed a copy of the answers and refusals previously given to Appellant [Watkins]."

II

Assignment of Error

COURT ERRED IN FINDING DEFENDANTS (sic) MOTION TO COMPEL DISCOVERY MOOT AND BY GRANTING SUMMARY JUDGMENT WITHOUT AFFORDING THE DEFENDANT FULL DISCOVERY REQUESTED.

{¶10} In his sole assignment of error, Watkins argues that the trial court should have granted his motion to compel discovery. More particularly, he contends that he was unable to defend against the motion for summary judgment without access to documents in Fifth Third's possession "if they exist at all."

{¶11} We note that Watkins' argument concerns the denial of his motion to compel, not the grant of summary judgment itself. Our review is, thus, limited to the discovery issue.

{¶12} "This [C]ourt reviews a trial court's disposition of discovery matters for an abuse of discretion." *Lampe v. Ford Motor Co.*, 9th Dist. Summit No. 19388, 2000 WL 59907, *3 (Jan. 19, 2000). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} In the instant matter, the trial court filed a three-sentence order denying Watkins' motion to compel. The order states: "This matter is before the [c]ourt on [d]efendant's [m]otion to [c]ompel, filed on September 10, 2014. Plaintiff has responded by filing its responses on September 10, 2014. Upon review, [d]efendant's motion to compel is MOOT, and dismissed."

{¶14} Watkins did not, thereafter, file anything with the trial court arguing that although the responses had been filed, they were incomplete and, therefore, his motion was not moot. Four months later, the trial court granted Fifth Third's motion for summary judgment.

{¶15} In his brief to this Court, Watkins acknowledges: "Appellant [Watkins] filed a motion to compel. On the same day the Appellee [Fifth Third] filed a copy of the answers and

refusals previously given to Appellant [Watkins]." Under these circumstances, we cannot say that the trial court abused its discretion in finding the motion to compel moot.

{¶16} Moreover, within the context of a motion for summary judgment, the rule itself provides a mechanism for seeking discovery prior to a ruling on the motion. Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"A party needing evidence to oppose a motion for summary judgment, but 'who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve his rights under the rules for purposes of appeal.'" *Jackson v. Walker*, 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶ 17, quoting *R&R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789, 798 (6th Dist.1993).

{¶17} Watkins argued to the trial court that the plaintiff's motion for summary judgment was premature as plaintiff had not provided "necessary documents requested" regarding whether the boat was sold in a commercially reasonable manner[2]. He did not, however, file an affidavit or seek a continuance under Civ.R. 56(F). Consequently, he cannot argue to this Court that the

---

[2] We observe that the burden of demonstrating whether the boat was sold in a commercially reasonable manner rested on Fifth Third in this case. *See Huntington Nat. Bank v. Legard*, 9th Dist. Lorain No. 03CA008285, 2004-Ohio-323, ¶ 7 ("In an action where the secured party's compliance is at issue, 'the secured party has the burden of establishing that the * * * disposition * * * was conducted in accordance with [R.C. 1309.601 to 1309.628.]' R.C. 1309.626(B)."). Nonetheless, the "[f]ailure to answer [requests for admissions] is not excused because the matters requested to be admitted are central to the case or must be proven by the requesting party at trial." *L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. Wayne No. 06CA0044, 2007-Ohio-885, ¶ 45. While the parties appear to agree that Watkins answered the requests for admissions after the summary judgment motion was filed, neither party filed a copy of those answers with the court. We express no opinion on whether Fifth Third met its burden.

trial court erred in ruling on the summary judgment motion without affording him an opportunity for further discovery.

{¶18} Watkins' sole assignment of error is overruled.

III

{¶19} Watkins' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THOMAS W. WATKINS, pro se, Appellant.

YALE R. LEVY and KRISHNA K. VELAYUDHAN, Attorneys at Law, for Appellee.